UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES R.,[1]

                                      Plaintiff,        Case # 18-cv-06497-FPG

v.                                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

## INTRODUCTION

On October 29, 2014, Plaintiff James R. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. Tr.[2] 156. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared with counsel at a hearing before Administrative Law Judge Roxanne Fuller (the "ALJ") on December 28, 2016. Tr. 173. At the hearing, Plaintiff and a vocational expert testified. On June 21, 2017, the ALJ issued an unfavorable decision. Tr. 153. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 8.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I. **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II. **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

**I.    The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 2014, the alleged onset date. Tr. 158. At step two, the ALJ found that Plaintiff has the following severe impairments: carpal tunnel syndrome, degenerative disc disease, obesity, and depression. Tr. 158.

At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 159. The ALJ determined that Plaintiff maintained the RFC to perform light work. Tr. 161. However, the ALJ found that Plaintiff had non-exertional and exertional limitations including that Plaintiff can occasionally climb ramps, stairs, balance, stoop, crouch, kneel, and crawl. The ALJ found that Plaintiff can frequently handle objects, *i.e.*, gross manipulation of both hands, and finger, *i.e.*, fine manipulation with both hands. Tr. 161. Finally, Plaintiff can perform routine and repetitive tasks and work in a low stress job, which is defined as having only occasional decision-making and only occasional changes in work setting. Tr. 161.

At step four, the ALJ found that Plaintiff could not perform any past relevant work. At step five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform including marker labeler, racker, produce weigher, lens inserter, surveillance system monitor, and order clerk. Tr. 167. As such, the ALJ found that Plaintiff was not disabled.

**II.   Analysis**

Plaintiff takes issue with the ALJ's decision on the basis that: (1) the ALJ's physical RFC was unsupported by substantial evidence; and (2) the ALJ's mental RFC was crafted based on lay

opinion. ECF No. 11-1 at 17-25. Because this Court agrees that remand is required under Plaintiff's second argument, it does not address Plaintiff's other argument.

While the RFC determination is reserved for the ALJ, *see generally* 20 C.F.R. §§ 404.1527, 416.927, an ALJ's assessment is "a medical determination that must be based on probative medical evidence of record. . . . Accordingly, an ALJ may not substitute [her] own judgment for competent medical opinion." *Lewis v. Comm'r of Soc. Sec.*, No. 6:00 CV 1225 GLS, 2005 WL 1899399, at *3 (N.D.N.Y. Aug. 2, 2005) (internal citations omitted). Thus, it follows that

> an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the 'medical findings in the record merely diagnose [the] claimant's [] impairments and do not relate these diagnoses to specific residual capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the ALJ may not] make the connection [her]self.'

*Daily v. Astrue*, No. 09-CV-0099(A)(M), 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)); *see also Goldthrite v. Astrue*, 535 F. Supp. 2d 329, 339 (W.D.N.Y. 2008) ("An ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion.").

Here, the ALJ discussed Plaintiff's physical and mental treatment history in her decision. Tr. 161-65. In her discussion, the ALJ assigned little weight to the opinion from Licensed Mental Health Counselor Michelle M. Caponi. Tr. 165. Plaintiff engaged in significant amount of therapy sessions with Caponi. While Caponi is not an acceptable medical source, she is the only medical source in the record who offered an opinion on Plaintiff's mental impairments. Caponi opined in her medical source statements that Plaintiff has intense and unstable interpersonal relationships along with damaging behavior along with having moderate limitations in understanding simple

instructions and concentration. Tr. 859. By assigning only little weight to Caponi's opinion, it is unclear how the ALJ, who is not a medical professional, determined how Plaintiff's mental impairments affected his functional abilities. Rather, by applying only limited weight to Caponi's opinion, the ALJ created a gap in the record necessitating remand. *See Garrett v. Comm'r of Soc. Sec.*, No. 17-CV-1009-FPG, 2019 WL 2163699, at *5 (W.D.N.Y. May 17, 2019); *Stein v. Colvin*, No. 15-CV-6753-FPG, 2016 WL 7334760, at *4 (W.D.N.Y. Dec. 19, 2016) ("[T]he ALJ's rejection of the only medical opinion in the record created an evidentiary gap in the record requiring remand."); *House v. Astrue*, No. 5:11-CV-915 (GLS), 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) (the ALJ's rejection of the treating physician's opinion, while proper, nonetheless necessitated remand because the absence of another medical assessment created an evidentiary gap in the record).

The Court notes that this is not a case where the ALJ could "render a common sense judgment about functional capacity even without a physician's assessment." *Ellersick v. Berryhill*, No. 17-CV-109, 2017 WL 6492519, at *4 (W.D.N.Y. Dec. 19, 2017) ("[T]he ALJ should have developed the record by obtaining a current medical opinion as to [plaintiff]'s . . . ability to perform work-related functions on a regular and continuing basis."); *see also Dye v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 386, 392-93 (W.D.N.Y. 2019) (remanding where ALJ rendered RFC without any opinion evidence). This is especially true in the context of mental health, where the ALJ cannot render a "common sense judgment" as to Plaintiff's functional capacity without a medical opinion, given the highly complex and individualized nature of mental health impairments. *See Lilley v. Berryhill*, 307 F. Supp. 3d 157, 161 (W.D.N.Y. 2018); *see also Stein v. Colvin*, No. 18-CV-6753-FPG, 2016 WL 7334760, at *4 (W.D.N.Y. Dec. 19, 2016) (remanding where the ALJ provided an RFC after discounting the only medical opinion of record and plaintiff

had longstanding mental impairments including anxiety and depression such that a common sense judgment was inappropriate); *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) ("Given Plaintiff's multiple physical and mental impairments, this is not a case where the medial evidence shows relatively little physical impairment such that the ALJ can render a common sense judgment about functional capacity.").

Finally, the record here discloses some significant mental limitations. For example, as the ALJ mentioned in the decision, Plaintiff has moderate limitations in understanding, remembering, or applying information and moderate limitations in concentration and persistence. Tr. 160. Plaintiff's mental health has been worsening since 2015, Tr. 873, he was duped as part of a fraudulent online "dating" scheme in which his "wife" to-be tried to steal $9,800 from his bank account, Tr. 825, 1095, and he exhibited a lack of understanding on how to even refill prescription medication. Tr. 1230. The ALJ could not assess the scope of Plaintiff's mental impairments solely through her own common sense and lay judgment. *Kiggins v. Comm'r of Soc. Sec.*, 17-CV-6642, 2019 WL 1384590, at *5 (W.D.N.Y. Mar. 27, 2019) (remanding where ALJ rejected treating physician's opinion regarding mental health limitations and developed an RFC that permitted plaintiff to engage in more expansive activities than the opinion would have allowed).

The Commissioner argues that Caponi's first assessment of Plaintiff was based largely on Plaintiff's own subjective complaints. ECF No. 14-1 at 24. This argument is an impermissible *post hoc* rationalization of the ALJ's decision. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court 'may not accept appellate counsel's *post hoc* rationalizations for agency action.'") (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)).[4]

---

[4] The Commissioner argues that Caponi is not an acceptable medical source because she is a Licensed Mental Health Counselor. ECF No. 14-1 at 25. However, there are no other acceptable medical sources from the relevant period that discuss Plaintiff's mental impairments other than Caponi. Even if the Commissioner is correct that Caponi's opinion deserved little weight, this does not mean the ALJ is may inject her own lay opinion into the decision. *See*

Thus, for the reasons set forth above, the ALJ's rejection of the only medical opinion concerning Plaintiff's mental impairments created a gap in the record, Remand for further proceedings is warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 11, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 14, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 3, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

*Hopper v. Berryhill*, No. 16-CV-6573, 2017 WL 5712307, at *3 (W.D.N.Y. Nov. 28, 2017) ("Regardless of whether the ALJ properly discounted [the therapist's] opinion, his rejection of the only medical opinion as to [the claimant's] mental capacity created an evidentiary gap that requires remand."). When the administrative record only contains diagnostic evidence and no opinion from an acceptable medical source, the ALJ, "must . . . order a consultative examination, or have a medical expert testify at the hearing." *Gross v. Astrue*, No. 12-CV-6207P, 2014 WL 1806779, at *19 (W.D.N.Y. May 7, 2014).